Citation Nr: 1806347 
Decision Date: 01/23/18 Archive Date: 02/07/18

DOCKET NO. 15-11 573 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for a bilateral hearing loss disability.

2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Appellant represented by: Virginia Department of Veterans Services


WITNESSES AT HEARING ON APPEAL

The Veteran, his Spouse and Grandson


ATTORNEY FOR THE BOARD

M. Watson, Associate Counsel
INTRODUCTION

The Veteran served on active duty from January 1955 to December 1957. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision the Department of Veterans' Affairs (VA) Regional Office (RO) in Roanoke, Virginia, issued in July 2014. 

In April 2017, the Board remanded this case to provide the Veteran a hearing. The Veteran, his Spouse and Grandson testified before the undersigned Veterans Law Judge (VLJ) in October 2017. A transcript is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran claims he has bilateral hearing loss and tinnitus as a result of in-service noise exposure, and that service connection should be awarded accordingly. In a September 2017 filing, the Veteran's accredited representative alleged a deficiency in the duty to assist because "prior hearing exams regarding his bilateral hearing loss and tinnitus were not adequate to serve as a viable nexus as it didn't acknowledge current research that how delayed onset symptoms following hazardous noise exposure." The representative cited an article entitled "Adding Insult to Injury: Cochlear Nerve Degeneration After Temporary Noise Induced Hearing Loss," 29 (49) J. Neuroscience 14077, 14078-79 (2009), but did not explain how the article explains the Veteran's disability etiologies. In October 2017, the Veteran also filed a copy of the aforementioned article, and a copy of "Noise and Noise-Induced Hearing Loss in the Military" from the book Noise and Military Service: Implications for Hearing Loss and Tinnitus (2006). 

A VA audiology examination from June 2014 is part of the claims file. However, deficiencies are noted in the resulting opinion of that examination. First, the examiner did not address the Veteran's lay statements regarding noise exposure in-service and his symptoms. Second, the examiner's opinion did not discuss the current state of medical knowledge. Including the recent treatise information furnished by the Veteran at his October 2017 hearing. Lastly, the examiner's rationale appears to have been based solely based on the absence of treatment records during and after service; an opinion based on the absence of documentation in the record is inadequate if it fails to take in account the Veteran's reports of symptoms and history. Dalton v. Peake, 21 Vet. App. 23 (2007). 

The Board consequently finds that a remand is warranted for the Veteran to be provided with a new VA examination and a new opinion should be obtained to address the nature and etiology of the Veteran's hearing loss disability and tinnitus. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for an audiological examination with an appropriate medical professional to determine the nature and etiology of the Veteran's current bilateral hearing loss disability and tinnitus. The claims file must be made available to and reviewed by the examiner, and a note that it was reviewed should be included in the report. 

Provide opinions on the following: 

 a. Is it at least as likely as not (a 50% probability or greater) that the Veteran's current bilateral hearing loss is related to any in-service disease, event or injury?

 b. Is it at least as likely as not (a 50% probability or greater) that the Veteran's tinnitus is related to any in-service disease, event or injury?

Any appropriate evaluations, studies and testing deemed necessary by the examiner should be conducted, and their results included in the examination report. 

The examiner's attention is directed to the Veteran's service treatment records (STRs), and the article and book chapter the Veteran filed in October 2017 noted above on the subject of "Noise-Induced Hearing Loss in the Military". Additionally, the Veteran's lay contentions must be considered in making the determination as to whether a nexus exists.

A rationale must be offered for any opinion expressed. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

2. Thereafter, readjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a supplemental statement of the case which addresses all evidence associated with the claims file since the last statement of the case. The Veteran and his representative should be afforded the applicable time period in which to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).